# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cr. ID. No. 1910001001 |
| | ) |
| RONALD STOW, | ) |
| | ) |
| Defendant. | ) |

Submitted: May 1, 2023
Decided: May 17, 2023

On Defendant's Motion for Post-Conviction Relief
**DENIED**

On Defendant's Motion for Appointment of Counsel
**DENIED**

## <u>ORDER</u>

**JOHNSTON, J.**

On July 6, 2021, Ronald Stow ("Defendant") pled guilty to four counts of Dealing in Child Pornography, and one count of Sex Offender Unlawful Sexual Conduct Against a Child. Defendant was sentenced on October 1, 2021. On August 12, 2022, Defendant requested transcripts of his sentencing hearing. The Court granted Defendant's request and sent the sentencing transcript to Defendant on September 22, 2022. Defendant filed the instant Motion for Postconviction Relief, together with a Motion for Appointment of Counsel, on April 20, 2023.

1

"A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . . ."[1]  "A judgment of conviction is final . . . [30 days after the Court imposes sentence] if the defendant does not file a direct appeal."[2]  Delaware Superior Court Rule 61(e)(3) states:

> The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.

The Court finds Defendant's Motion for Post-Conviction Relief untimely. Thus, Rule 61(e)(3) also is not satisfied.  While this is Defendant's first post-conviction motion, it is not timely.  The Court imposed Defendant's sentence on October 1, 2021.  The judgment of conviction became final on October 31, 2021. Defendant did not file his motion for post-conviction relief until April 20, 2023— nearly six months after the one-year deadline.[3]

---

[1] Del. Super. Ct. R. 61(i)(1).
[2] Del. Super. Ct. R. 61(m)(1).
[3] The Court sent Defendant his sentencing transcript on September 22, 2022.  Defendant had approximately one month after receiving his sentencing transcript to submit his Motion for Post-Conviction Relief in a timely manner.  One month is more than enough time to submit the

The Court hereby **DENIES** Defendant's Motion for Post-Conviction Relief.

The Court hereby **DENIES** Defendant's Motion for Appointment of Counsel.

    **IT IS SO ORDERED.**

                                  */s/ Mary M. Johnston*
                                 The Honorable Mary M. Johnston

---

motion in a timely fashion.  Instead, Defendant submitted his motions almost six months after the one-year deadline.